WILLIS, BEN C, Associate Judge.
The trial court entered a summary final judgment in behalf of the defendant in a suit at law for damages for alleged breaches of the terms of a store lease in a shopping center. The plaintiffs (lessees) alleged that the defendant lessor eliminated a door which would lead into an adjacent store and that this violated the covenant of quiet enjoyment. They also alleged that lessor had granted to another tenant in the shopping center the right to sell beer to be consumed off the premises, and that this violated an exclusive right granted plaintiffs in a covenant in their lease.
On motion for summary judgment it was shown that, assuming (but not deciding) that, the acts complained of did in fact and law constitute breaches of covenants of the lease, the plaintiffs could present no evidence to establish that they had sustained any loss or damage because of such breaches. There is no genuine issue on the material fact of absence of any provable damages proximately resulting from the alleged breaches.
For there to be a cause of action there must be a concurrence of the wrongful act and loss resulting therefrom. 1 Am. Jur., Actions, Sec. 30, p. 423. As a necessary corollary of this rule, “it is a maxim of law that wrong without damage, or ‘injuria abseque damno’, does not constitute a good cause of action as the law furnishes a remedy only for such wrongful acts as result in injury.” 1 Am.Jur., Actions, Sec. 31, p. 424. See also 1 GJ.S. Actions § IS c, p. 1011.
We have not overlooked the legal concept that in a case of an act which itself is a violation of a legal right, and if continued may become, by lapse of time, a foundation of an adverse right in the wrongdoer, then the courts will entertain an action to redress the breach and award at least nominal damages. See 1 C.J.S. Actions § IS c, 2nd paragraph, pp. 1011-1012, and cases there cited. This case at bar does not come with *680 in the class of cases which would require application of that principle.
The judgment of the trial court is
Affirmed.
KANNER, Acting C. J., and SHANNON, J., concur.